JOSEPH H. CONN et al., plaintiffs in error, v. JOSEPH CALD-
WELL, defendant in error.

*Error to Madison.*

Where a judgment by default is rendered in a suit by attachment, without
personal service of process on the defendant, the judgment is *in rem*, and the
estate attached is alone liable for its payment. In such case, a special exe-
cution issues for the sale of the specific property. But where the defendant
is served with process, or appears to the action, the judgment is *in personam*,
and the plaintiff is entitled to a general execution thereon.

The appearance of a defendant in attachment does not release the lien, for this
can only be accomplished by a replevy of the property attached, or by giving
security for the payment of whatever judgment may be rendered in the cause,
as provided by the twenty ninth section of the Attachment Act.

A steam boat, among other property, was levied on by virtue of a writ of attach-
ment, but by agreement between the plaintiff in the writ and the Master of the
boat, the boat was to proceed on its voyage, and on its return, to be delivered
to the sheriff subject to the writ. *Held*, that the lien was not thereby extin-
guished, but subsisted as between the parties to the suit.

ATTACHMENT, in the Madison Circuit Court, brought by
the defendant in error against the plaintiffs in error. A trial
was had at the September term 1842, before the Hon. Sidney
Breese. Judgment for the plaintiff below for $12,923·46.

The material facts are briefly stated in the Opinion of the
Court.

The cause was submitted in this Court on briefs and writ-
ten arguments.

*A. W. Jones*, for the plaintiffs in error, contended,

1st. That according to the true construction of the attach-
ment law and the strict rules of judical interpretation
applicable to statutes, which introduce a *new remedy*, or inno-
vate upon the common law, where the defendant below enters
his appearance, and pleads to the suit without *putting in the
bail*, the plaintiff can only rightfully take his judgment *speci-
fically* against the property levied on by virtue of the attach-
ment. The judgment against the property, *generally*, of the
defendant, can by the provisions of R. L. 90, § 19, only be
rendered, where the defendant APPEARS, *puts in bail* and

pleads to the suit: and the reason is obvious, the defendant by *putting in bail and pleading to the suit,* withdraws his property from the custody of the officer who attached it, and it is no longer under either his control, or that of the Court. Such, however, is not the result, when the defendant only *appears* and pleads, without replevying the property attached. The plaintiffs maintain, that the Court below, by ordering in the judgment that the defendant in error have *execution generally* for his *damages and costs,* substantially rendered a *general judgment* against the property of the plaintiffs; a proceeding which the attachment law will not sustain. R. L. 90, § 19; Ib. 93, § 23; *Mantz* v. *Hendley,* 2 Hen. and Mun. 309.

2nd. There is no clearer principle of law, that the process of *execution* should *follow,* or *conform* to the judgment. If the judgment of the Court below was not intended to have the force and effect of a general as well as a special judgment, how, it may be inquired, can a plaintiff sue out a *general* fi. fa. on a *special* judgment? What other execution, than a special execution was ever known to issue on a special judgment?

3d. If the judgment aforesaid was to have the operation of both a special and general judgment, then the said judgment is manifestly erroneous, there being no provision in the attachment law authorizing such a proceeding, nor in the annals of judicial history can the form of any such judgment be found. If the judgment aforesaid, however, was intended to be only a *special judgment,* then it was unquestionably contrary to law, to order that the *defendant* in error *have execution generally for his damages and costs.*

And, 4th. The judgment, so far as it embraces the steam boats "Caspian" and "Osage," is also manifestly erroneous, the said steam boats having been released from the levy thereon made, by the sheriff, by virtue of the writ of Attachment, by the express order and instructions of the defendant in error. To decide otherwise, would be to enable the defendant in error to lull to sleep the vigilance of the *real* owners of these steam boats, and to practise upon them a palpable and flagrant fraud. The steam boats having been

discharged, by the directions of the defendant in error, from the operation of said Attachment, and restored to the rightful proprietors, they could not reasonably be expected to appear in Court in which they had no day, in a controversy in which they had no interest, to interpose their interpleader. So iniquitous a result, cannot receive the sanction of this Court.

*N. D. Strong & J. Hall,* for the defendant in error:

The errors assigned in this cause are,

1. That execution was awarded both specially and generally, and

2. That the steam boats "Caspian" and "Osage" were included with the other property attached, against which special execution was awarded.

The questions presented by this assignment are,

1. Whether the order awarding execution is, in the present cause, any part of the judgment, and

2. If any part of the judgment, whether there is error in the same.

In regard to the first inquiry, it may be urged generally, that an order awarding execution is no necessary part of the judgment, where the action is brought against one in his individual, not in a representative capacity. The issuing of an execution depends upon the provisions of statutory enactments, not the order of Court. It is the legal result or consequence of a judgment, not a part of it. In an action of *assumpsit,* the form of a judgment for plaintiff is that he recover his damages and costs against the defendant. In debt, that he recover his debt, together with his damages and costs. 2 Tidd's Pr. 963; 2 Duer's do. 232; Graham's do. 340.

The judgment declares the remedy. The execution is the mode of enforcement which the law then gives, and can issue only in accordance with the law.

If then, an award of execution is no necessary part of the judgment, it would seem to be no part of it, and as the judgment is perfect without the award, it is perfect with it, although not declaratory of the law. Any mistake or irregu-

larity does not vary or change the force of the judgment, or take the execution without the control of law. If issued irregularly, although in conformity with the order, it may be stayed, since it has no force out of the law. The award of execution, as usually, not necessarily entered, is a mere memorandum of the clerk, and so seems to have been considered in case of *Miere* v. *Brush*, 3 Scam. 21.

2. If a part of the judgment, the award in this case is not erroneous. It simply declares the law. In cases of Attachment, if there is no personal appearance, the judgment is general, but the statute awards only a special execution. See case of *Miere* v. *Brush*, above cited. Where there has been a personal appearance, not only does the plaintiff become entitled to the remedy of a special execution, but also to the same remedy which is given in all cases of personal judgment. In awarding, then, special and general execution, the Court did not go beyond, or out of the law of the case. Nor was it erroneous to award execution against the steam boats "Caspian" and "Osage." By the amended return of the sheriff to the writ of attachment, the latter seems not to have been released. The release of property once attached is a fact which more properly appears in the sheriff's return to the special execution. The command of the writ should be to sell the property attached, not so much of the attached property as has not been released. The release is a question of fact, and one which the plaintiff has a right to contest under the return of the sheriff to the execution. If true, it justifies so far the non-compliance of the officer with the mandate of the writ.

The fact is, execution issued in accordance with sheriff's return to the writ of attachment, and included neither of the said boats. No wrong, then, has been done the defendant in execution, nor is there any thing in the award of which he has cause to complain.

If, however, the Court shall think there was error in this award of execution which affects the judgment, the cause need not be remanded, but the order can here be made to conform with what it should have been in the entry below.

Yet we think there is, in this matter, no error which this Court will review.

The Opinion of the Court was delivered by

TREAT, J.   On the 24th day of February, 1842, Joseph Caldwell sued out of the Madison Circuit Court, an attachment against Joseph H. Conn, James R. Sprigg and William W. Greene.   The writ of attachment was levied on certain real estate, and on the steam boats "Caspian" and "Osage." The sheriff's return stated, that on the day succeeding the levy, the steam boats were released by order of the sheriff.

The declaration was in *assumpsit,* on three promissory notes.   The defendants appeared, and pleaded *non assumpsit.* On the 4th day of October, 1842, this issue was heard by the Court, and found for the plaintiff, and· his damages were assessed at the sum of twelve thousand, nine hundred, twenty three dollars and forty six cents.   A judgment was thereupon rendered, that the plaintiff recover of the defendants the said sum and costs; that he have execution therefor, to be levied of the real estate attached, and the steam boats "Caspian" and "Osage;" and also, that he have execution generally for his damages and costs.

To reverse that judgment, the defendants prosecute a writ of error.

Since the suing out of the writ of error, the original return of the sheriff on the writ of attachment has been amended in the Circuit Court, and the amendment certified into this Court, and made part of the record.   It appears from the amended return, that the steam boat "Osage," at the time of the levy, was freighted and on her passage from St. Louis to the ports on the Illinois river; that it was agreed between the plaintiff and the master, that the boat should proceed on her voyage, and return, and be delivered to the sheriff, subject to the attachment; that the boat was thereupon released, for the purpose of the voyage, but has never been re-delivered.

The errors assigned questioned the propriety of the judgment entered.   It is insisted in the first place, that the judg-

ment is erroneous, because it awards execution generally against the defendants.

. Where a judgment by default is rendered in a suit by attachment, without personal service of process on the defendant, the judgment is *in rem*, and the estate attached is alone liable for its payment. In such case, a special execution issues for the sale of the specific property. But where the defendant is served with process, or appears to the action, the judgment is *in personam*, and the plaintiff is entitled to a general execution thereon. In this case, the defendants pleaded to the declaration, and the cause was fully determined on the merits. The judgment is, therefore, as conclusive between the parties, as if the action had been instituted in the ordinary way. The plaintiff having the right to a general execution on the judgment, the Court committed no error in awarding it.

In the next place, it is insisted that the judgment is erroneous in awarding a special execution. It is contended, that the property attached was released by the appearance of the defendants. This position is not tenable. This precise question was before this Court at the present term, in the case of *Martin* v. *Dryden*, (*ante*, 187). This Court there held, that an appearance of the defendant did not, of itself, discharge the property attached; but that the defendant in order to release it from the lien acquired by the levy, must either replevy the property, or give security for the payment of whatever judgment may be rendered in the cause, as provided in the 29th section of the Attachment Act. In this case the defendants neither replevied the property, nor gave special bail. The lien created by the levy became perfect by the judgment, and the plaintiff was entitled to a special execution for the sale of the property, except such as he had voluntarily relinquished.

The Circuit Court decided correctly in embracing the steam boat "Osage" in the award of execution. That boat was released from the custody of the sheriff, for the purpose of the voyage, with the express understanding that the boat should be re-delivered and continue subject to the attach-

ment. The lien on the boat was not thereby extinguished, but still subsists as between the parties to this suit. If, in the mean time, third persons have become interested in the boat, a different question may arise.

The steam boat "Caspian" was absolutely released, and the judgment is erroneous in including it in the award of execution. For this error, the judgment must be reversed with costs. The cause, however, need not be remanded. It was fully adjudicated in the Court below, and the proper judgment can be entered in this Court. A judgment must be rendered here, that the plaintiff recover of the defendants the sum of twelve thousand, nine hundred, twenty three dollars, and forty six cents with legal interest from the fourth day of October, 1842. On this judgment, the plaintiff can have execution generally, and also a special execution for the sale of the real estate attached, and the steam boat "Osage."

*Judgment reversed.*